**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| JERRY A. Al-SHARIF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11-cv-00037 |
| | ) | |
| EPES TRANSPORT SYSTEM, INC., | ) | |
| | ) | |
| Defendant, | ) | |

## MOTION TO DISMISS AND BRIEF IN SUPPORT

COMES NOW Defendant Epes Transport System, Inc. ("Defendant" or "Epes") and files this Motion to Dismiss the Complaint of Jerry A. Al-Sharif ("Plaintiff"), with supporting brief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In this lawsuit, Plaintiff seeks to enjoin Defendant from complying with the Notice of Levy served upon it by the Internal Revenue Service (IRS), and he seeks a refund of the amounts levied as well as unspecified damages.  This Court should dismiss this case because Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## BACKGROUND

1.      Plaintiff Jerry A. Al-Sharif filed a civil action lawsuit on February 14, 2011, in the Superior Court of Richmond County, Georgia, known as *Jerry A. Al-Sharif v. Epes Transport System, Inc.*, Civil Action File No. 2011-RCCV-00074.  A copy of the initial complaint is attached to the Notice of Removal as Exhibit "A".  A copy of the Amended Complaint is attached to the Notice of Removal as Exhibit "C."

2.      Plaintiff is an individual employed by Epes as a truck driver.  (*See* Complaint ¶¶ 4-5; Amended Complaint ¶ IV).

1

3.     On or about February 22, 2011, Defendant Epes received a Notice of Levy from the Internal Revenue Service (IRS) relating to Plaintiff's wages, salary, and other income.  The Notice of Levy indicates that the IRS is owed $65,893.89 by the Plaintiff.  (Compl. ¶ 5; Am. Compl. ¶ V).

4.     Plaintiff filed this lawsuit seeking a declaratory judgment against Epes and injunctive relief preventing Epes from complying the IRS Notice of Levy.

5.     This Notice of Levy is incorporated by reference in, and attached to, the Plaintiff's Complaint.  (*See* Compl. ¶ 5 and Ex. "A" thereto). The Notice of Levy is central to Plaintiff's claim, and is undisputed.  The Notice of Levy is therefore appropriate for this Court to consider on a motion to dismiss. *Souers v. Geren,* CV 108-157, 2010 U.S. Dist. LEXIS 28013, *3 (S.D. Ga. Mar. 23, 2010) ("Under Eleventh Circuit law, the enclosures Plaintiff attached to her complaint are, for all purposes, part of Plaintiff's complaint. This includes purposes such as this one where a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) has been brought and the attached documents are central to Plaintiff's complaint and are undisputed.").

6.     The Notice of Levy requires Defendant Epes to turn over to the IRS the taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released. (Compl. Ex. "A").  The Notice of Levy sought payment for taxes owed for the years 2001 through 2004, in an amount that totaled $65,893.89 as of March 9, 2011.  (*Id.*)  As required by law, and as instructed by the IRS, Defendant Epes has complied with the Notice of Levy.

7.     After protesting Defendant's compliance with the Notice of Levy by mailings, faxes, and/or telephone calls (*see* Compl. ¶¶ 7-10), Plaintiff brought the instant suit against Epes.

## STANDARD OF REVIEW

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. *Ashcroft v. Iqbal*, ___U.S. ___, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and punctuation omitted). While there is no "probability requirement at the pleading stage," *id*. at 556, "something beyond . . . mere possibility . . . must be alleged." *Id*. at 558 (citation omitted). Therefore, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," *id*. at 545, and sufficient "to state a claim for relief that is plausible on its face." *Id*. at 547.

## ARGUMENT

I.   **PLAINTIFF'S COMPLAINT MUST FAIL BECAUSE DEFENDANT IS DISCHARGED OF ANY LIABILITY FOR COMPLYING WITH THE IRS NOTICE OF LEVY PURSUANT TO 26 U.S.C. § 6332(e).**

The gravamen of Plaintiff's Complaint against Defendant appears to be that Defendant allegedly violated various rights belonging to Plaintiff by honoring the IRS Notice of Levy served upon Defendant.  However, Plaintiff cannot support an action based on Defendant's

3

compliance with the Notice of Levy because employers are discharged as a matter of law from any liability arising from compliance with a Notice of Levy.   Therefore, Plaintiff's Complaint should be dismissed.

It is well established law that the IRS may satisfy outstanding income taxes by way of administrative levy under 26 U.S.C. § 6331 *et seq*.   *U.S. v. Nat'l Bank of Commerce*, 472 U.S. 713, 721, 105 S.Ct. 2919, 2925 (1985).   The administrative levy is a provisional remedy that generally does not require judicial intervention.   *United States v. Rodgers*, 461 U.S. 677, 682, 103 S.Ct. 2132, 2137 (1983); *see also* 26 U.S.C. § 6331(a).   Custodians of property levied upon by the IRS, including employers in custody of an employee's wages, must comply with the notice of levy.   If the employer does not comply, the employer becomes "liable in his own person and estate" to the government for the sum levied. *See United States v. Tarnove,* 1999 U.S. App. LEXIS 38881 (11th Cir. 1999); *see also* 26 U.S.C. § 6332(d); *United States v. Speir*, 808 F. Supp. 829, 832 (S.D. Ga. 1992).   Custodians of property levied upon can raise only two defenses to compliance with a notice of levy: (1) that the custodian is not in possession of the property levied, or (2) that the property is subject to a prior judicial attachment or execution.   *Nat'l Bank of Commerce*, 472 U.S. at 721–22, 105 S.Ct. at 2925; *United States v. Ruff*, 99 F.3d 1559, 1563 (11th Cir. Fla. 1996); *Speir*, 808 F. Supp. at 832.

By contrast, if the employer honors the levy, the employer is discharged from liability or obligation to the delinquent taxpayer. *Davis v. US Airways, Inc.,* 2000 U.S. Dist. LEXIS 12104; 2000-2 U.S. Tax Cas. (CCH) P50,706; 86 A.F.T.R.2d (RIA) 5895 (N.D. Ga. 2000) (citing 26 U.S.C. § 6332(e)).   Section 6332(e) of the Internal Revenue Code states in full:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who

4

> pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e).  Therefore, pursuant to Section 6332(e), an employer who complies with a notice of levy is immune from a lawsuit brought by an employee on a claim based on the employer's compliance.  *Tarnove,* 1999 U.S. App. LEXIS 38881 at *5; *Davis, Inc.,* 2000 U.S. Dist. LEXIS 12104, fn. 1 ("The Court notes here that immunity is provided under § 6332(e) regardless of whether or not the levy is valid."); *see also Taylor v. U.S. Internal Revenue Service*, 192 F.R.D. 223, 225 (S.D. Tex. 1999) ("Plaintiff's several objections to the legal validity of the underlying notice of levy, even if they are true, do not affect [the employer's] immunity.  Such objections are matters properly considered in a suit against the IRS and not against [the employer]." (internal citations omitted)).

In the instant case, Plaintiff cannot state a claim upon which relief may be granted and thus Plaintiff's suit must be dismissed because Defendant is immune from such a suit by virtue of Section 6332(e).  Plaintiff does not dispute that Defendant Epes received an IRS notice of levy requiring Epes to remit to the IRS certain non-exempt portions of his wages; he does not dispute that Epes is in possession of his wages, which Epese is otherwise required to pay him; and he does not allege that his wages were subject to prior judicial attachment or execution by a third party.[1]  Therefore, it is undisputed that Defendant had "possession of (or [was] obligated with respect to) property … upon which a levy has been made" and was required to surrender that property to the IRS.  *See Haggert v. Hamlin*, No. 94-1027; 1994 WL 251067 at *2; 1994 U.S.

---

[1]  Plaintiff attaches as Exhibit "B" to his Complaint a purported UCC filing identifying *himself* as a "secured party" with respect to his wages.  Even if this UCC filing did provide Plaintiff with an additional property interest in his wages, the wages remain his property, and thus subject to the Notice of Levy.  26 U.S.C. § 6331(extending levy to "all property and rights to property … belonging to such person").

App. LEXIS 14290 (1st Cir. Jun. 10, 1994) (employing this analysis and finding the defendant-employer had no choice but to comply with the notice of levy and therefore defendant-employer was entitled to have its motion for summary judgment granted).

Indeed, a review of cases with similar facts to the case at hand by federal courts across the country reveal that courts uniformly grant the defendant-employer's motion to dismiss or motion for judgment on the pleadings based on the immunity provided by Section 6332(e).[2] Defendants have not found a case where the defendant-employer did not prevail on this issue in a pretrial motion.[3]   Similarly, Georgia courts have uniformly dismissed state and federal law claims based upon defendants' compliance with notices of levy from the IRS.   *Dean v. Nationsbank*, 226 Ga. App. 370, 372 (1997) (dismissing similar lawsuit and appeal against a bank); *King v. Gilman Paper Co.*, 184 Ga. App. 228, 230 (1987) (granting employer's motion for summary judgment of the employee's claim for damages allegedly arising out of the employer's wrongful conversion of his paycheck in responding to Notice of Levy); *Kimbrell v. First Nat'l Bank*, 142 Ga. App. 515 (1977) (granting the bank's motion to dismiss).

---

[2] *See, e.g., Bullock v. Bimbo Bakeries USA Inc.*, 2011 U.S. App. LEXIS 3534 (3d Cir.  Jan. 21, 2011) (affirming judgment on the pleadings because anyone who honored an IRS levy was discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property); *Davis v. Yellow Freight System, Inc.*, 1992 U.S. App. LEXIS 6981 (10th Cir. 1992) (same); Brunwasser v. Black, 2011 U.S. Dist. LEXIS 7547 (W.D. Pa. 2011) (judgment on the pleadings); *Celauro v. U.S. I.R.S.*, 411 F. Supp. 2d 257, 265 (E.D.N.Y. 2006) (dismissing with prejudice plaintiff's claims against employer for complying with notice of levy as required by law); *Warren v. Masco Contractor*, No. CIV02-5808JBS, 2003 WL 21805943 at *1, 2003 U.S. Dist. LEXIS 14603 (D.N.J. Jul. 15, 2003) ("Even giving the broadest construction to Plaintiff's pleadings, the motion to dismiss will be granted because … the Internal Revenue Code absolves defendant from liability arising from compliance with an IRS tax levy."); *O'Neill v. Hilton Grand Vacations Club*, No. 01-00452 DAE LEK, 2001 WL 1673579 at *1, 2001 U.S. Dist. LEXIS 21143 (D. Haw. 2001) (granting employer's motion to dismiss because of § 6332(e) immunity); *Davis v. US Airways, Inc.*, No. 1:99-CV-02260-CC, 2000 WL 1367635 at *1 (N.D. Ga. Aug. 1, 2000) (same).

[3] In fact, some courts have found that such suits against employers are frivolous and have awarded court costs or considered imposing sanctions on plaintiff for bringing the suit.  *See, e.g., Dean v. Nationsbank*, 226 Ga. App. 370, 372 (1997) (finding similar lawsuit and appeal without any valid basis in fact or law and sanctioning Plaintiff $1,000 to reimburse the bank and discourage further appeals); *King v. Gilman Paper Co.*, 184 Ga. App. 228, 230 (Ga. Ct. App. 1987) (Assessing penalty against employee for continuing to pursue claims against employer for responding to Notice of Levy); *Haggert*, 1994 WL 251067 at *3 (holding Plaintiff's appeal frivolous because "[p]recedent was overwhelmingly against Haggert's suit" and granting appellee's request for double costs).

In sum, because Defendant complied with the Notice of Levy as required by law, it is immunized from the instant suit pursuant to § 6332(e) of the Internal Revenue Code. Furthermore, the Plaintiff cannot be entitled to injunctive relief against Epes to prevent it from complying with the Notice of Levy.  Any action to find the Notice of Levy invalid should be filed against the IRS, not Epes.

**II.   EVEN ABSENT THE STATUTORY IMMUNITY, PLAINTIFF'S CONSTITUTIONAL CLAIMS ARE NOT ACTIONABLE AGAINST PRIVATE PARTIES, AND PLAINTIFF HAS NOT ALLEGED ALL OF THE REQUIRED ELEMENTS OF THE STATE LAW CLAIMS.**

As explained in Section I above, Defendant is discharged completely from all of Plaintiff's claims pursuant to Section 6332(e) of the Internal Revenue Code.   However, Plaintiff's Complaint would nevertheless fail absent this statutory immunity.  First, Defendant Epes is a private actor and is not subject to suit under either the U.S. Constitution or the Georgia Constitution.  Second, Plaintiff has not and cannot allege all of the elements required for any alleged state-law claims.

*A.   Defendant is not Subject to Plaintiff's Constitutional Claims.*

Plaintiff attempts to assert claims against Defendant under the United States Constitution and the Georgia Constitution.  These claims must fail because Defendant is a private actor and therefore the constitutional protections do not apply to its actions.  *See Goldstein v. Chestnut Ridge Volunteer Fire Dep't*, 218 F.3d 337, 341 (4th Cir. 2000) ("With few exceptions, constitutional guarantees … 'do not apply to the actions of private entities.'" (*quoting Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619, 111 S.Ct. 2077 (1991))); *Reinertsen v. Porter*, 242 Ga. 624 (1) (250 SE2d 475) (1978) ("The due process clauses of the United States and Georgia Constitutions control only the actions of states, not those of private individuals.").

Plaintiff's claims against Defendants are constitutional claims that are not actionable against a private party and therefore should be dismissed.

        B.     *Plaintiff's Conversion Claim Must Fail Because there Was No Unauthorized Taking of Plaintiff's Property.*

Though not clearly set out on the body of the Complaint, Plaintiff accuses Defendant of "unlawful tak[ing] of property." (Compl. at 5).  Under Georgia law, "[c]onversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights." *Corbin v. Regions Bank*, 258 Ga. App. 490, 495 (2) (574 S.E.2d 616) (2002) (Punctuation and footnote omitted.). In the instant case, there was no unauthorized assumption and exercise of the right of ownership over the property of another to the exclusion of the rights of the true owner.  A notice of levy "gives the IRS the right to all property levied upon, and creates a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive possession of the Government." *Nat'l Bank of Commerce*, 472 U.S. at 720, 105 S.Ct. at 2924 (citations omitted). Further, the IRS steps into the taxpayer's shoes, acquiring whatever right to the property the taxpayer possessed.  *Id.* at 725, 105 S.Ct. at 2927; *see also King v. Gilman Paper Co.,* 184 Ga. App. 228 (1987) (dismissing employee's claim for "illegal" conversion arising out of employer's response to notice of levy).  Thus, at the time Defendant turned over the funds to the IRS, by operation of law the IRS was the rightful owner of the property, meaning Plaintiff's claim for conversion fails to state a claim.

        C.     *Defendant Does Not have a Fiduciary Duty to Protect Plaintiff's wages from the IRS.*

Finally, Plaintiff claims Defendant breached a fiduciary duty inherent in the employer-employee relationship by failing to determine the merit of the Notice of Levy. (Compl. ¶ 10.)

However, fiduciary obligations are owed by those in confidential relationships, i.e., relationships "where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc." O.C.G.A. § 23-2-58; *Atlanta Mkt. Ctr. Mgmt. Co. v. McLane*, 269 Ga. 604, 606 (1998). "Generally, the relationship between an employer and employee is that of arms-length bargaining, and the law will not imply confidentiality." *Servicemaster Co. v. Martin*, 252 Ga. App. 751, 758 (Ga. Ct. App. 2001). Where "there are no well-pled facts from which a jury could find a confidential relationship," the trial court properly dismissed a breach of fiduciary duty claim. *Id*.

Accordingly, under Georgia law, the general rule is that no fiduciary duty runs to an employee. *Id.*; *Brock Built, LLC v. Blake*, 300 Ga. App. 816, 824 (2009). Plaintiff thus cannot state a claim for breach of fiduciary duties to the Plaintiff absent well-pled allegations showing that Defendant Epes undertook a confidential relationship with respect to Plaintiff's tax obligations to the IRS. This claim, too, must be dismissed for failure to state a claim upon which relief may be granted.

In sum, all of Plaintiff's claims would fail even absent the statutory immunity protecting Defendants from suit because, as a matter of law, Plaintiff cannot prevail on any of his claims.

## CONCLUSION

WHEREFORE, for the reasons discussed in this Motion and Brief, Defendants Epes requests that its Motion to Dismiss Plaintiff's Complaint be granted with all costs assessed against the Plaintiff.

This 18th day of March, 2011.

By:    _s/ Christopher A. Cosper_
Christopher A. Cosper
Georgia Bar No. 142020

Patrick J. Rice
Georgia Bar No. 603000

Of Counsel:

Hull Barrett PC
Post Office Box 1564
Augusta, Georgia 30903-1564
706-722-4481

<u>**CERTIFICATE OF SERVICE**</u>

I certify that the foregoing has been served on all counsel of record by delivering a copy

of same through the U.S. Mail as follows:

Jerry A. Al-Sharif (pro se)
1731 Pitchwood Way
Hephzibah, GA 30815

This 18th day of March, 2011.

By:      _s/ *Christopher A. Cosper*_____
Christopher A. Cosper
Georgia Bar No. 142020

Patrick J. Rice
Georgia Bar No. 603000

Of Counsel:

Hull Barrett PC
Post Office Box 1564
Augusta, Georgia 30903-1564
706-722-4481