
IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JERRY A. AL-SHARIF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 111-037 |
| | ) |
| EPES TRANSPORT SYSTEM, INC., | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

This civil case was removed from the Superior Court of Richmond County, Georgia. Because the plaintiff is proceeding *pro se*, the Court will provide him with some basic instructions regarding the development and progression of this case.

**IT IS ORDERED THAT** the plaintiff shall serve upon the defendant, or upon its attorneys if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Except for the complaint, when submitting pleadings to the Clerk of Court, parties shall provide an original and one copy. Loc. R. 5.2. The plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to each defendant or defendant's counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court

or that fails to include a caption or certificate of service will be returned.

It is the plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five (5) days notice of the scheduled deposition date, the plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject the plaintiff to severe sanctions, including dismissal of this case. The defendant shall ensure that the plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.[1]

While this action is pending, the plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

The plaintiff must pursue this case; if he does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If the plaintiff wishes to obtain facts and information about the case from the defendant, the plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). The plaintiff should begin discovery promptly and complete it within four (4) months after the filing of the last answer of a defendant named in the original complaint.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R.

---

[1] The Local Rules may be found on the Court's website at www.gasd.uscourts.gov/.

Civ. P. 33. Interrogatories shall not contain more than twenty-five (25) questions. Id. The plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If the plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney(s) for the defendant and try to work out the problem; if the plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

The plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents ($.50) per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if the plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the motion.

A response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in the defendant's statement of material facts will be deemed admitted unless specifically

controverted by an opposition statement. Should the defendant file a motion for summary judgment, the plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the defendant's motion for summary judgment be supported by affidavit, the plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should the plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against the plaintiff pursuant to Fed. R. Civ. P. 56.

Additionally, Plaintiff shall have fourteen (14) days from the date of this order to file a response to Defendant's motion to dismiss and its motion to stay discovery. (Doc. nos. 7, 8.) If Plaintiff elects not to file a response, those motions will be considered unopposed per Loc. R. 7.5.

SO ORDERED this 15th day of April, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE