IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JERRY A. AL-SHARIF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-037 |
| | ) | |
| EPES TRANSPORT SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, and having reviewed the Rule 26(f) Report, the following dates represent the scheduling deadlines in the above-styled case. The Court recognizes that there is a pending motion to dismiss in this case. Accordingly, the standard deadlines set in this Order have been extended by **THIRTY** (30) days in an effort to account for any resultant delay occasioned by that motion.[1]

DATE ISSUE JOINED                                      March 18, 2011[2]

DATE OF RULE 26(f) CONFERENCE              May 2, 2011[3]

---

[1] If additional time is needed beyond that which is provided by these extended deadlines, the parties may request an extension by filing a motion at the appropriate time.

[2] As Defendant has not yet filed an answer in the current action, the Court has used the date that Defendant's motion to dismiss was filed as the starting point for calculating the deadlines in this case. (See doc. no. 7.)

[3] Although the parties held their Rule 26(f) conference ("Conference") on May 9, 2011, the Court's March 18, 2011 Order directed the parties to hold their Conference not "later than forty-five days after the first appearance by answer or motion . . ." (Doc. no. 3.) Thus, the parties should have held their Conference not later than May 2, 2011. Accordingly, for purposes of calculating the scheduling deadlines set pursuant to the Conference date, the Court will use the date of May 2, 2011.

| | |
|---|---|
| LAST DAY FOR FILING MOTIONS TO AMEND OR ADD PARTIES | June 16, 2011 |

Defendant requests that all discovery, including initial disclosures, be stayed pending a decision by the presiding District Judge concerning its pending motion to dismiss. (Doc. no. 14, ¶¶ 4-5, 8.) The Court has addressed this request in a simultaneously issued Order, in which the Court has granted in part Defendant's motion to stay discovery, and specifically declined to stay the parties' initial disclosures (doc. no. 8).[4] Therefore, the Court will not set discovery deadlines until Defendant's pending motion to dismiss has been ruled upon by the presiding District Judge (doc. no. 7).

The parties shall submit a proposed joint Scheduling Order, if necessary, within ten (10) days following the resolution of Defendant's motion to dismiss by the presiding District Judge. Upon review of the joint proposal, the Court will enter an order setting the remaining deadlines in the case.

Defendant shall submit its portion of the pre-trial order to Plaintiff five (5) days before the pre-trial order deadline, in default of which sanctions may be imposed.

Motions in limine shall be filed no later than FIVE (5) DAYS PRIOR TO THE PRE-TRIAL CONFERENCE.

All motions, other than summary judgment and motions to dismiss, shall be accompanied with a proposed order.

**ANY WITNESS KNOWN PRIOR TO THE CLOSE OF
DISCOVERY AND NOT DISCLOSED WILL NOT BE ALLOWED.**

Curriculum vitae on all expert witnesses shall be filed separately with the pre-trial order. This rule will be strictly adhered to and the Court will not allow the expert witness to testify if this has not been complied with.

SO ORDERED this 6th day of May, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court's ruling as to the parties' obligation to make initial disclosures does not prevent the parties from stipulating to a modification of the fourteen (14) day time period for filing initial disclosures as provided by Fed R. Civ. P. 26(a)(1)(C). However, the Court notes that such a stipulation requires the consent of both parties and Plaintiff has requested that initial disclosures be made within the 14 day time period provided in the Federal Rules. (Doc. no. 14, ¶¶ 4, 8.)