IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JERRY A. Al-SHARIF, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:11-cv-00037 |
| EPES TRANSPORT SYSTEM, INC., | ) ) ) |
| Defendant, | ) |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT

COMES NOW Defendant Epes Transport System, Inc. ("Defendant" or "Epes") and files this Motion to Dismiss the "Second Amended Complaint" of Jerry A. Al-Sharif ("Plaintiff"), with supporting brief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In this lawsuit, Plaintiff seeks to enjoin Defendant from complying with the Notice of Levy served upon it by the Internal Revenue Service (IRS), and he seeks a refund of the amounts levied as well as unspecified damages. Plaintiff's claim is flawed from the outset, as demonstrated in Defendant's original Motion to Dismiss, because employers such as Epes are required to comply with federal levies and are absolved from all liability for doing so. 26 U.S.C. § 6332(e).

Faced with a pending Motion to Dismiss, Plaintiff previously sought to add as party defendants the individual employees of Epes who have responsibilities relating to the tax withholding. Defendant opposed that motion, which was essentially a motion to file an amended complaint to add additional claims and parties under F.R.Civ.P. 15. Furthermore, Defendant has informed the Plaintiff through its brief and through other communications that leave of court would be required to file an amended complaint. *See* F.R.Civ.P. 15 ("a party may amend its pleading only with the opposing party's written consent or the court's leave").

1

Despite being fully apprised of the requirements of Rule 15, Plaintiff has now filed an amended complaint without seeking written consent of Epes or the Court's leave. The "Second Amended Complaint" should thus be dismissed from the outset based upon the Plaintiff's failure to comply with Rule 15. To the extent the "Second Amended Complaint" could be construed as a motion to file an amended complaint, it should be denied because the "breach of contract claim" was implied in the initial complaint, the addition of such claims serves no purpose in this baseless lawsuit, and the amended complaint would be futile. Federal law is clear that employers such as Epes are required to comply with federal levies and are absolved from all liability for doing so, regardless of how the Plaintiff's claims are couched. 26 U.S.C. § 6332(e).

## BACKGROUND

1.  Plaintiff Jerry A. Al-Sharif filed a civil action lawsuit on February 14, 2011, in the Superior Court of Richmond County, Georgia, known as *Jerry A. Al-Sharif v. Epes Transport System, Inc.*, Civil Action File No. 2011-RCCV-00074. A copy of the initial complaint is attached to the Notice of Removal as Exhibit "A". Defendant subsequently removed the lawsuit to this Court under 28 U.S.C. §§ 1331, 1441 and 1446 because Plaintiff's claim arises under the Constitution, laws, or treaties of the United States.

2.  Plaintiff is an individual employed by Epes as a truck driver. (*See* Complaint ¶¶ 4-5; Amended Complaint ¶ IV). On or about February 22, 2011, Defendant Epes received in its North Carolina office a Notice of Levy from the Internal Revenue Service (IRS) relating to Plaintiff's wages, salary, and other income. The Notice of Levy indicates that the IRS is owed $65,893.89 by the Plaintiff. (Compl. ¶ 5; Am. Compl. ¶ V).

3.  The Notice of Levy requires Defendant Epes to turn over to the IRS the taxpayer's wages and salary that have been earned but not paid, as well as wages and salary

earned in the future until this levy is released. (Compl. Ex. "A").  The Notice of Levy sought payment for taxes owed for the years 2001 through 2004, in an amount that totaled $65,893.89 as of March 9, 2011.  (*Id.*)  As required by law, and as instructed by the IRS, Defendant Epes has complied with the Notice of Levy.

    4.    After protesting Defendant's compliance with the Notice of Levy by mailings, faxes, and/or telephone calls (*see* Compl. ¶¶ 7-10), Plaintiff brought the instant suit against Epes seeking a declaratory judgment and injunctive relief preventing Epes from complying the IRS Notice of Levy.

    5.    Plaintiff now seeks to amend his complaint to assert a claim for breach of contract because Epes has complied with the Notice of Levy and therefore "refused to pay, and continues to refuse to pay, $5,647.26 that is currently due and owing under [his "at will contract"] as of June 06, 2011 …."  (Second Amended Complaint, doc. no. 23 at 5).

**ARGUMENT**

I. **PLAINTIFF'S CLAIMS FAIL BECAUSE DEFENDANT IS DISCHARGED OF ANY LIABILITY FOR COMPLYING WITH THE IRS NOTICE OF LEVY PURSUANT TO 26 U.S.C. § 6332(e).**

The gravamen of Plaintiff's "Second Amended Complaint" against Defendant appears to be that Defendant allegedly violated his "at will" employment "contract" by honoring the IRS Notice of Levy served upon Defendant. However, Plaintiff cannot support an action based on Defendant's compliance with the Notice of Levy because employers are discharged as a matter of law from any liability arising from compliance with a Notice of Levy. Therefore, Plaintiff's Complaint should be dismissed regardless of whether it is couched as a violation of federal law or a violation of an agreement to pay wages for work performed. *Carpenter v. Combined Broadcasting Co.*, 1988 U.S. Dist. LEXIS 13490 (E.D. Pa. 1988)

It is well established law that the IRS may satisfy outstanding income taxes by way of administrative levy under 26 U.S.C. § 6331 *et seq*. *U.S. v. Nat'l Bank of Commerce*, 472 U.S. 713, 721, 105 S.Ct. 2919, 2925 (1985). The administrative levy is a provisional remedy that generally does not require judicial intervention. *United States v. Rodgers*, 461 U.S. 677, 682, 103 S.Ct. 2132, 2137 (1983); *see also* 26 U.S.C. § 6331(a). Custodians of property levied upon by the IRS, including employers in custody of an employee's wages, must comply with the notice of levy. If the employer does not comply, the employer becomes "liable in his own person and estate" to the government for the sum levied. *See United States v. Tarnove,* 1999 U.S. App. LEXIS 38881 (11th Cir. 1999); *see also* 26 U.S.C. § 6332(d); *United States v. Speir*, 808 F. Supp. 829, 832 (S.D. Ga. 1992). Custodians of property levied upon can raise only two defenses to compliance with a notice of levy: (1) that the custodian is not in possession of the property levied, or (2) that the property is subject to a prior judicial attachment or execution. *Nat'l Bank*

4

*of Commerce*, 472 U.S. at 721–22, 105 S.Ct. at 2925; *United States v. Ruff*, 99 F.3d 1559, 1563 (11th Cir. Fla. 1996); *Speir*, 808 F. Supp. at 832.  Employers cannot assert as a basis for non-compliance with the levy that the employee is contractually entitled to the funds.

If the employer honors the levy, the employer is discharged from liability or obligation to the delinquent taxpayer. *Davis v. US Airways, Inc.,* 2000 U.S. Dist. LEXIS 12104; 2000-2 U.S. Tax Cas. (CCH) P50,706; 86 A.F.T.R.2d (RIA) 5895 (N.D. Ga. 2000) (citing 26 U.S.C. § 6332(e)).  Section 6332(e) of the Internal Revenue Code states in full:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e).  The employer is "discharged from any obligation or liability to the delinquent taxpayer" including any obligation under an at will employment contract.  Therefore, pursuant to Section 6332(e), an employer who complies with a notice of levy is immune from a lawsuit brought by an employee on a claim based on the employer's compliance. *Tarnove,* 1999 U.S. App. LEXIS 38881 at *5; *Davis, Inc.,* 2000 U.S. Dist. LEXIS 12104, fn. 1 ("The Court notes here that immunity is provided under § 6332(e) regardless of whether or not the levy is valid."); *see also Taylor v. U.S. Internal Revenue Service*, 192 F.R.D. 223, 225 (S.D. Tex. 1999) ("Plaintiff's several objections to the legal validity of the underlying notice of levy, even if they are true, do not affect [the employer's] immunity.  Such objections are matters properly considered in a suit against the IRS and not against [the employer]." (internal citations omitted)).

In the instant case, Plaintiff does not dispute that Defendant Epes received an IRS notice of levy requiring Epes to remit to the IRS certain non-exempt portions of his wages; he does not

dispute that Epes is in possession of his wages, which Epese is otherwise required to pay him; and he does not allege that his wages were subject to prior judicial attachment or execution by a third party. Therefore, it is undisputed that Defendant had "possession of (or [was] obligated with respect to) property … upon which a levy has been made" and was required to surrender that property to the IRS. *See Haggert v. Hamlin*, No. 94-1027; 1994 WL 251067 at *2; 1994 U.S. App. LEXIS 14290 (1st Cir. Jun. 10, 1994) (employing this analysis and finding the defendant-employer had no choice but to comply with the notice of levy and it was therefore entitled to summary judgment).

Indeed, a review of cases with similar facts in federal courts across the country reveals that courts uniformly grant the defendant-employer's dispositive motions based on the immunity provided by Section 6332(e). Defendant has not found a case where the defendant-employer did not prevail on this issue in a pretrial motion. Similarly, Georgia courts have uniformly dismissed state and federal law claims based upon defendants' compliance with notices of levy from the IRS. *Dean v. Nationsbank*, 226 Ga. App. 370, 372 (1997) (dismissing similar lawsuit and appeal against a bank); *King v. Gilman Paper Co.*, 184 Ga. App. 228, 230 (1987) (granting employer's motion for summary judgment of the employee's claim for damages allegedly arising out of the employer's wrongful conversion of his paycheck in responding to Notice of Levy); *Kimbrell v. First Nat'l Bank*, 142 Ga. App. 515 (1977) (granting the bank's motion to dismiss).

In sum, because Defendant complied with the Notice of Levy as required by law, it is immunized from the instant suit pursuant to § 6332(e) of the Internal Revenue Code. Any action to find the Notice of Levy invalid should be filed against the IRS, not Epes.

## II.   PLAINTIFF'S ATTEMPTS TO AMEND HIS COMPLAINT SHOULD BE DENIED AS FUTILE.

Rule 15(a) gives a district court "extensive discretion" to decide whether or not to allow a party to amend a complaint. *Hargett v. Valley Federal Say. Bank*, 60 F.3d 754, 761 (11th Cir. 1995). "This liberal discretion is not abused when the amendment would prejudice the defendant, follows undue delays, or is futile." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (emphasis added). Plaintiff's recent claim for breach of contract does not change the legal analysis under the federal statute providing employers with immunity, and his efforts to file an amended complaint should thus be denied as futile.

## CONCLUSION

Based upon the foregoing, Defendant Epes Transport System, Inc. requests that Plaintiff's Second Amended Complaint be dismissed.

This 22nd day of June, 2011.

                By:    s/ *Christopher A. Cosper*
                      Christopher A. Cosper
                      Georgia Bar No. 142020

                      Patrick J. Rice
                      Georgia Bar No. 603000

Of Counsel:

Hull Barrett PC
Post Office Box 1564
Augusta, Georgia 30903-1564
706-722-4481

### CERTIFICATE OF SERVICE

I certify that the foregoing has been served on all counsel of record by delivering a copy of same through the U.S. Mail as follows:

>Jerry A. Al-Sharif (pro se)
>1731 Pitchwood Way
>Hephzibah, GA 30815

This 22nd day of June, 2011.

           By:    s/ *Christopher A. Cosper*
                    Christopher A. Cosper
                    Georgia Bar No. 142020

                    Patrick J. Rice
                    Georgia Bar No. 603000

Of Counsel:

Hull Barrett PC
Post Office Box 1564
Augusta, Georgia 30903-1564
706-722-4481