IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JERRY A. AL-SHARIF,          *
                             *
        Plaintiff,           *
                             *
        v.                   *          CV 111-037
                             *
EPES TRANSPORT SYSTEM, INC., *
                             *
        Defendant.           *

_____

O R D E R

_____

Presently pending before the Court are EPES Transport System, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint (doc. no. 7) and Motion to Dismiss Plaintiff's Second Amended Complaint (doc. no. 24), as well as Jerry A. Al-Sharif's ("Plaintiff") Motion for Joinder of Parties (doc. no. 20).

## I. BACKGROUND

This case arises from the garnishment of Plaintiff's wages. Plaintiff is employed by Defendant as a commercial truck driver. (Am. Compl. ¶ IV.)  On February 11, 2011, Defendant received a notice of levy (the "Notice of Levy") from the Internal Revenue Service ("IRS") relating to Plaintiff's wages, salary, and other income.[1]  (Id. ¶ V.)  The Notice of Levy requires Defendant to turn

---

[1] The Notice of Levy is attached to Plaintiff's Complaint and Amended Complaint.  The Notice of Levy is central to Plaintiff's claim and is therefore appropriate to consider on a motion to dismiss.  See Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007) (noting

over to the IRS the taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future, until the levy is released. (Id., Ex. A.)  The Notice of Levy seeks payment for taxes owed for the years of 2001 through 2004 in an amount totaling $65,893.89.  (Id.)  Defendant has complied with the Notice of Levy, despite Plaintiff's protests. (Id. ¶ VIII.)

On February 14, 2011, Plaintiff filed a *pro se* complaint in the Superior Court of Richmond County, Georgia.  (Doc. no. 1, Ex. 2.)  On March 7, 2011, Plaintiff amended his Complaint.  (Doc. no. 1, Ex. 4.)   On March 18, 2011, Defendant removed this case to the United States District Court for the Southern District of Georgia, Augusta Division.  (Doc. no. 1.)

In the Amended Complaint, Plaintiff seeks a declaratory judgment against Defendant and requests injunctive relief to prevent Defendant from complying with the Notice of Levy.  (Id.) On March 18, 2011, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim.  (Doc. no. 7.)   On May 16, 2011, Plaintiff filed a motion for joinder requesting that the Court add employees of Defendant, Michael W. Dunlap and Sharon Farris, to this case.  (Doc. no. 20.)  Shortly thereafter, on June 8, 2011, Plaintiff filed a Second Amended Complaint.  (Doc. no. 23.)   The Second Amended Complaint added claims for breach of contract and requested damages in the amount of $445,000.  (Id.) On June 22, 2011, Defendant filed a motion to dismiss Plaintiff's

the court will consider the complaint and documents attached thereto when analyzing a motion to dismiss).

Second Amended Complaint.   (Doc. no. 24.)   Each of these motions will now be addressed in turn.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits.  Scheur v. Rhodes, 416 U.S. 232, 236 (1974).  The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff.   See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).  The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Id. at 1940 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Although there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 556-57 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

## III. DISCUSSION

### A. Defendant's Motion to Dismiss Plaintiff's Amended Complaint

Plaintiff's Amended Complaint alleges that Defendant illegally garnished Plaintiff's wages in violation of his constitutional rights. Plaintiff alleges that the garnishment proceedings are invalid because there has been no court order issued concerning the validity of the lien on his wages. (Am. Compl. ¶¶ VI-VIII.) Accordingly, Plaintiff seeks a declaratory judgment against Defendant, a temporary restraining order, and injunctive relief compelling Defendant to cease all garnishment proceedings against his wages, income, and salary on behalf of the IRS. (Id. ¶ IX.)

Plaintiff is not entitled to injunctive relief as a matter of law. The Anti-Injunction Act provides generally that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The purpose of the Act is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." Enochs v. Williams Pacing & Navigation Co., 370 U.S. 1, 7 (1962). The statute specifies a number of exceptions, none of which are applicable in this case.[2]

---

[2] The enumerated exceptions relate to proceedings before the Tax Court (26 U.S.C. §§ 6015(e), 6212(a),(c)), injunctions of assessments related to partnerships (§§ 6225(b), 6246(b)), suspension of collection during a hearing by the IRS Office of Appeals and appeal of that decision (§ 6330(e)(1)), collection of unpaid divisible employment taxes (§ 6331(i)), collection of penalties against a tax preparer or for failure to collect and account for

Plaintiff's remedy for an allegedly wrongful assessment is "to bring a timely suit in the tax court under 26 U.S.C. §§ 6212 and 6213 or to pay the tax and sue for a refund in district court or [Court of Federal Claims] under 26 U.S.C. § 7422 and 28 U.S.C. §§ 1346(a)(1) and 1491." Leves v. Internal Revenue Service, Comm'r, 796 F.2d 1433, 1435 (11th Cir. 1986) (finding that Anti-Injunction Act precluded suit by taxpayers to enjoin IRS from placing tax liens on their property and to require IRS to return money already collected). This Court lacks jurisdiction to entertain Plaintiff's claims for injunctive relief as to the Notice of Levy. McLaurine, II. v. Mid South Rests., Inc., No. 3:07-cv-049-MHT, 2007 WL 1893318, at *1, 3 (M.D. Ala. April 23, 2007) (finding that plaintiff's requests for injunctive relief against his employer for wrongful levy of his wages were barred by the Anti-Injunction Act); see also Enax v. U.S., 243 Fed. Appx. 449, 451 (11th Cir. 2007) ("[U]nless [the plaintiff] qualifies for a statutory or judicial exception to the [Anti-Injunction Act], we must affirm the district court's determination that the Act stripped it of the jurisdiction necessary to issue the requested relief."); Taylor v. Simonetta, No. 1:99-CV-665, 2000 WL 641615, at *2 (N.D. Ga. Mar. 20, 2000)

taxes (§§ 6694(c), 6672(c)), expedited review of jeopardy levies and assessments (§ 7429(b)), proceedings for determination of employment status of individuals working for a taxpayer (§ 7436), and civil actions filed by persons other than the taxpayer (§§ 7426(a), (b)(1)). Plaintiff also has not alleged or demonstrated that his claims fall within the judicial exception set forth in Enochs, supra (exception applies where the plaintiff establishes that the United States cannot prevail under any circumstances, "under the most liberal view of the law and the facts" and collection would cause irreparable harm). The limited exception set forth in South Carolina v. Regan, 465 U.S. 367, 373 (1984) (applying where "Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax"), is likewise inapplicable.

(finding employees who complied with notice of levy could not be subject to injunction pursuant to Anti-Injunction Act). Accordingly, since Plaintiff's Amended Complaint only contains claims for injunctive relief that are barred by the Anti-Injunction Act, the Amended Complaint must be dismissed.[3]

### B. Leave to Amend

Plaintiff filed a Second Amended Complaint on June 8, 2011, without leave of court. However, "[w]here it appears that a more carefully drafted complaint might state a claim, the district court should give a *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." Schmitt v. U.S. Office of Pers. Mgmt., 403 Fed. Appx. 460, 462 (11th Cir. 2010); see also Duff v. Steub, 378 Fed. Appx. 868, 872 (11th Cir. 2010) (vacating district court's dismissal of *pro se* plaintiff's complaint after court failed to allow him an opportunity to amend); Clark v. Maldonado, 288 Fed. Appx. 645, 647 (11th Cir. 2008) (same); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *4-*5 (N.D. Ga. Mar. 15, 2011) (allowing *pro se* plaintiff an opportunity to amend prior to dismissal with prejudice). With this in mind, the Court will consider Plaintiff's Second Amended Complaint.

### C. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint

Plaintiff's Second Amended Complaint is based largely on the same allegations contained in Plaintiff's Amended Complaint. In

---

[3] To the extent that Plaintiff's Amended Complaint could be construed as stating a claim for damages, these claims must also fail due to the immunity given to third parties who comply with an IRS notice of levy. See 26 U.S.C. § 3662(e).

the Second Amended Complaint, Plaintiff alleges that Defendant breached its at-will contract with Plaintiff when it garnished his wages in accordance with the Notice of Levy.   Plaintiff alleges that he never agreed to the taking of his wages, and that since Defendant was not acting pursuant to a court order, the garnishment breached the at-will contract between Plaintiff and Defendant. (Second Am. Compl. at 4.)   Plaintiff claims damages in the amount of $445,000 based on lost wages, lost investments, loss of the ability to pay normal bills, and the mental anguish associated with these losses.   (Id. at 5.)

Plaintiff's claims for damages in the Second Amended Complaint must fail because Defendant is immune from liability for complying with the Notice of Levy.   The Secretary of the Treasury may collect unpaid taxes by levy on any property belonging to the delinquent taxpayer or upon which there is a tax lien.   26 U.S.C. § 6331(a); U.S. v. Speir, 808 F. Supp. 829, 832 (S.D. Ga. 1992).   Section 6332(a) of the Internal Revenue Code provides that "any person in possession of . . . property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary [of Treasury], surrender such property or rights . . . to the Secretary."   26 U.S.C. § 6332(a).   If the taxpayer's property is held by another, the IRS customarily serves a notice of levy upon the custodian.   U.S. v. Nat'l Bank of Commerce, 472 U.S. 713, 720 (1985).   This notice not only gives the IRS the right to all property levied upon, it creates a "custodial relationship" between

7

the third party and the IRS so that the United States has
constructive possession of the property.  Id.

Pursuant to § 6332(e), "[a]ny person in possession of . . .
property or rights to property subject to levy upon which a levy
has been made who, upon demand by the Secretary, surrenders such
property or rights to property . . . to the Secretary . . . shall
be *discharged from any obligation or liability to the delinquent
taxpayer* and any other person."  26 U.S.C. § 6332(e) (emphasis
added).  If, however, the custodian refuses to surrender property
subject to levy, he or she becomes personally liable to the United
States for the value of the property.  26 U.S.C. § 6332(d)(1); U.S.
v. Metro. Life Ins., 874 F.2d 1497, 1499 (11th Cir. 1989).  A third
party recipient of a notice of levy has a legal obligation under §
6332(a) to turn over the subject property to the IRS; it cannot
challenge the validity of the levy.  Busby v. Internal Revenue
Service & Principal Mut. Life Ins. Co., No. 96-6566-CIV, 1997 WL
364507, at *4 (S.D. Fla. Feb. 23, 1997).  A third party "served
with notice of levy has two, and only two, possible defenses for
failure to comply with the demand: that it is not in possession of
the property of the taxpayer, or that the property is subject to a
prior judicial attachment or execution."  Nat'l Bank of Commerce,
472 U.S. at 727.

Here, Plaintiff does not dispute that Defendant received an
IRS Notice of Levy requiring Defendant to remit to the IRS certain
non-exempt portions of his wages.  Thus, Plaintiff's allegations
are barred because § 6332(e) expressly immunizes a third party

custodian such as Defendant from liability for honoring a levy. Moreover, Plaintiff does not allege that Defendant was not in possession of his wages or that his wages were subject to prior judicial attachment or execution by a third party. Therefore, Defendant does not fall into the narrow exception created for custodians to refuse to comply with a notice of levy. Furthermore, immunity is provided under § 6332(e) regardless of whether the levy is valid. Davis v. U.S. Airways, No. 1:99-CV-02260, 2000 WL 1367635, at *1 n. 1 (N.D. Ga. Aug. 1, 2000).

Despite these facts and law, Plaintiff asserts that because the Notice of Levy is not accompanied by a court order, the garnishment proceedings deny him due process and equal protection of the law pursuant to the Fourteenth Amendment of the United States Constitution. (Doc. no. 27 at 4-6.) This argument is without merit. It is well-established that the Internal Revenue Code provides two principal tools for the purpose of enforcing a federal tax lien. Nat'l Commerce Bank, 472 U.S. at 720. One tool is an administrative levy pursuant to § 6331, and the other tool is a lien foreclosure suit pursuant to § 7403. Id. Section 7403 states that "whether or not levy has been made, the Attorney General or his delegate, at the request of the [Treasury] Secretary, . . . may direct a civil action to be filed in a district court of the United States to enforce a lien of the United States." 26 U.S.C. § 7403(a). However, the use of a notice of levy pursuant to § 6331 does not require a court order or judicial intervention. Nat'l Commerce Bank, 472 U.S. at 720. Accordingly,

9

no court order was necessary to confirm the validity of the Notice of Levy at issue here.

In sum, Plaintiff's allegations fail to state a claim because Defendant is immune from liability for complying with the Notice of Levy pursuant to 26 U.S.C. § 3662(e).  Plaintiff failed to assert any allegations of actions by Defendant, other than compliance with the Notice of Levy, that could form the basis of a claim against Defendant.   Accordingly, Plaintiff's Second Amended Complaint should be dismissed for failure to state a claim upon which relief could be granted.

### D. Motion for Joinder

On May 16, 2011, Plaintiff filed a self-styled Motion for Joinder.  (Doc. no. 20.)   Plaintiff argues in his motion that both Michael Dunlap ("Dunlap") and Sharon Farris ("Farris"), as employees of Defendant, are necessary parties pursuant to Federal Rule of Civil Procedure 19.  Rule 19 provides that

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).  Plaintiff simply restates the language of Rule 19 in his motion and provides no evidence that without either Dunlap or Farris this Court cannot provide complete relief or that

either has an interest in this litigation.[4] Accordingly, this Court cannot find that Dunlap and Farris are required parties under Rule 19.

Further, because *pro se* pleadings are to be construed broadly, this Court will construe Plaintiff's motion as a motion to amend his complaint to add Dunlap and Farris as party defendants. Federal Rule of Civil Procedure 15 provides that when a party requests to amend its complaint, "[t]he court should freely give leave when justice so requires." "A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Here, Plaintiff seeks to amend his pleadings by adding two individuals acting within their capacity as employees for Defendant. Plaintiff does not state any specific claims against either Dunlap or Farris. Thus, to the extent that Plaintiff is seeking injunctive relief to prevent these employees from complying with the Notice of Levy, the addition of Dunlap and Farris would be futile because any claims for injunctive relief are barred by the Anti-Injunction Act. Furthermore, to the extent that Plaintiff seeks to add Dunlap and Farris to assert claims of liability for their actions in complying with the Notice of Levy, such claims would fail as a matter of law as previously explained.

---

[4] Plaintiff baldly asserts that Dunlap claims an interest in this litigation; however, there is no indication that Dunlap has any such interest.

For these reasons, if the Court were to grant Plaintiff's motion to add Dunlap and Farris to the case, all claims against the proposed new parties would have to be dismissed. It would therefore be futile to grant Plaintiff's motion (doc. no. 20), and it will thus be denied.

## IV. CONCLUSION

Upon the foregoing, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (doc. no. 7) is **GRANTED**, Plaintiff's Motion for Joinder (doc. no. 20) is **DENIED**, and Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (doc. no. 24) is **GRANTED**. Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to **CLOSE** this case and **TERMINATE** all pending motions.

**ORDER ENTERED** at Augusta, Georgia, this _17th_ day of February, 2012.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA